# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CONNIE BREWINGTON and
AKIRA J. WALKER,

       Plaintiffs,

v.                                        Case No. 13-10043

NATIONSTAR MORTGAGE, LLC,

       Defendant.

_____/

## OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DISMISSING THE COMPLAINT

Pending before the court is the report and recommendation of United States Magistrate Judge David Grand, to whom the case had been referred for review pursuant to 28 U.S.C. § 636(b)(1)(B) and Appendix C of the Local Court Rules. The magistrate judge recommends dismissal. Plaintiffs timely filed "objections" pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich LR 72.1(d)(2).

The court adopts the recommendation of the magistrate judge and orders the case dismissed with prejudice.

### I. STANDARD

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant

evidence previously reviewed by the magistrate judge in order to determine whether the

recommendation should be accepted, rejected, or modified in whole or in part.  28

U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider

the specific contentions of the parties and to correct any errors immediately," *Walters*,

638 F.2d at 950, enabling the court "to focus attention on those issues—factual and

legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147

(1985).  As a result, "'[o]nly those specific objections to the magistrate's report made to

the district court will be preserved for appellate review; making some objections but

failing to raise others will not preserve all the objections a party may have.'"

*McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith*

*v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II. DISCUSSION

Each written objection presented pursuant to Federal Rule of Civil Procedure

72(b) must be "specific" and address the "proposed findings and recommendations."

This court expects that each such objection will be numbered, identify a proposed

finding or conclusion, and explain why and how the magistrate judge's analysis is

incorrect.  In order for this court to apply meaningful *de novo* review, it is insufficient for

the objecting party to simply incorporate by reference earlier pleadings or reproduce an

earlier, unsuccessful motion for dismissal or judgment (or response to the other party's

dispositive motion).  Insufficient objections to a magistrate judge's analysis will ordinarily

be treated by the court as an unavailing general objection.  *See Howard v. Sec'y of*

*Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991) ("A general objection to

2

the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.  The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks."); *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

Here, Plaintiffs have failed to present any argument which would provide a reason to even review, let alone reject, Magistrate Judge Grand's report and recommendation.  Defendant correctly notes that "[r]ather than pointing to any specific objection to the Magistrate's proposed findings and recommendations, Plaintiffs provide an abbreviated version of their response to Nationstar's Motion to Dismiss."  (Dkt. # 15 at Pg ID 454.)

Plaintiffs' presentation in this instance shall be treated as if Plaintiffs had simply failed to object at all.  As discussed above, Plaintiffs' opposition brief does not even mention the magistrate judge's report and recommendation, let alone raise any issue which has any bearing on the magistrate judge's analysis in the report.  With no objections presented, Plaintiffs have waived the right to *de novo* review by this court and further right of appeal.  *Howard*, 932 F.2d at 508-09; *Arn*, 474 U.S. at 155; *Walters*, 638 F.2d at 949-50.

The court has nonetheless read the report and recommendation and finds that it is well-reasoned, thorough, and correct.

### III. CONCLUSION

For the reasons discussed above, IT IS ORDERED that the Magistrate Judge's

3

report and recommendation [Dkt. # 13] is ADOPTED IN FULL AND INCORPORATED

BY REFERENCE.

      IT IS FURTHER ORDERED that Defendant's motion to dismiss [Dkt. # 6] is

GRANTED.  The complaint is DISMISSED WITH PREJUDICE.


                        S/Robert H. Cleland
                        ROBERT H. CLELAND
                        UNITED STATES DISTRICT JUDGE

Dated:  August 5, 2013


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, August 5, 2013, by electronic and/or ordinary mail.


                        S/Holly Monda for Lisa Wagner
                        Case Manager and Deputy Clerk
                        (313) 234-5522